[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The parties were married CT Page 15145 on September 22, 1978 in Enfield, Connecticut. The defendant wife's maiden name was Cynthia Palmer.
Two children were born of the marriage. The eldest child, Carrisa Mason, has attained the age of majority. The younger child, Kellie Marie Mason, was born on August 9, 1991. Kellie suffers from a neuro-muscular disorder and has cognitive deficits and developmental delays.
None of the parties, nor the minor child, are receiving support payments from the State of Connecticut or any municipality thereof. The minor child does receive medical insurance coverage under the State-sponsored Husky plan.
The court has jurisdiction in this matter.
The marriage of the parties has broken down irretrievably, and is hereby dissolved.
The court has carefully considered all of the evidence introduced at trial on November 1, 2001. The court has also taken into consideration the parties' financial affidavits, the child support guideline worksheets submitted by counsel for the minor child and counsel for the plaintiff, and all of the provisions of Connecticut General Statute §§ 46b-56,46b-81, 46b-82 and 46b-84.
Based on all of the foregoing, the court enters the following orders:
1. The parties are awarded joint legal custody of the minor child, Kellie. Kellie's primary place of residence shall be with the defendant mother. The parties have entered into a signed stipulation concerning the care and custody of the minor child, which was approved by the child's attorney. The court finds that this agreement is in the best interests of the child, and hereby approves it and incorporates it by reference in this decree as its orders concerning custody and parental access.
2. The plaintiff shall pay to the defendant as child support $80.00 per week, in accordance with state child support guidelines.[1] He shall also pay $15.00 per week on a pendente lite child support arrearage of $7,472.19. Said payments shall be secured by an immediate wage execution. Said child support payments shall continue until the minor child's eighteenth birthday, or her graduation from high school, whichever even occurs last. In no event shall the plaintiff's obligation to pay child support extend beyond the minor child's nineteenth birthday.
In the event that the plaintiff receives any lump sum of money in CT Page 15146 excess of $250.00 from any source whatsoever, other than his salary, he shall immediately pay 50% of any sum so received as payment towards the outstanding amount of the aforesaid child support arrearage. As used herein, the term "source" shall include, but not be limited to, tax refunds, inheritances, prizes, lottery or gambling winnings, gifts, settlements of claims of any nature, back pay awards, judicial, administrative or arbitration awards, lump sum pension contribution refunds, pension benefit payments, and insurance payments of any kind.
3. In accordance with state child support guidelines, all unreimbursed medical, dental, ophthalmological, psychiatric, psychological, prescriptive or other medical related expenses of the minor child shall be paid 56% by the defendant, and 44% by the plaintiff. The parties' obligation to pay these unreimbursed expenses shall continue until the minor child's eighteenth birthday, or her graduation from high school, whichever event occurs last. In no event shall the parties' obligation to pay these expenses extend beyond the minor child's nineteenth birthday.
In the event that medical insurance coverage for the minor child should become available to either party through his or her employment, the parties shall secure and maintain such coverage for the benefit of the minor child. The parties' obligation to provide such medical insurance coverage shall continue until the minor child's eighteenth birthday, or her graduation from high school, whichever event occurs last. In no event shall the parties' obligation to provide such insurance extend beyond the minor child's nineteenth birthday.
4. The plaintiff shall pay to the defendant, as periodic alimony, the sum of $25.00 per week. The plaintiff's obligation to pay periodic alimony shall terminate upon the death of either party, the defendant's remarriage, or the defendant's cohabitation with a man, whichever event occurs first. The court finds that there is a pendente lite alimony arrearage of $681.66 owed by the plaintiff to the defendant. (See Plaintiff's Exhibit 1). The plaintiff shall make payments on said arrearage in the amount of $5 per week. Said weekly periodic alimony and arrearage payments shall also be secured by an immediate wage execution.
5. The plaintiff shall immediately quit claim to the defendant all of his right, title and interest in and to the jointly owned real estate at 198 Sunnyfield Drive, Windsor, Connecticut. Said quit claim deed shall be prepared by the defendant's attorney and promptly executed in an appropriate manner by the plaintiff. The defendant shall assume, pay and hold the plaintiff harmless from the mortgage on said property.
6. The defendant is also awarded her Windsor Federal Savings Bank savings and checking accounts. CT Page 15147
7. The plaintiff is awarded his Stanadyne annuities, and his Metropolitan District Commission pension.[2]
8. At trial, the plaintiff submitted a list of personal property (plaintiff's Exhibit 2) which he requested that the court award to him. The court orders that the gas grill, jewelry, personal items, hand tools, sports equipment, beer stems and plaintiff's clothing listed on the plaintiff's Exhibit 2, be returned by the defendant to the plaintiff, and owned by him. The television set and VCR, and kitchen table and chairs listed on plaintiff's Exhibit 2 shall be retained by the defendant and owned by her. All other items of personal property shall be retained and owned by the party currently in possession thereof.
9. The plaintiff has a pending labor arbitration claim against the Metropolitan District Commission (MDC) for its alleged wrongful termination of his employment there. The plaintiff stated at trial that he believes it unlikely that he will prevail in the arbitration and achieve a monetary award. However, in the event that the plaintiff receives any financial settlement or award in connection with this labor arbitration claim, including but not limited to a damage award or a lump sum payment of back wages, any monies so received by the plaintiff shall be allocated as follows:
a. As indicated in order 2, supra, up to the first 50% of said settlement or award shall be paid toward the reduction of the outstanding child support arrearage;
b. The remaining amount of said settlement or award shall be divided equally between the plaintiff and the defendant.
In the event that the plaintiff does not receive any lump sum settlement or award, but is restored to employment at the MDC at a rate of compensation higher than his present salary, the plaintiff shall immediately notify the defendant of that fact, and provide the defendant with an updated financial affidavit. Thereafter, upon the filing of an appropriate motion by the defendant, the court will determine whether or not said reinstatement constitutes a material and substantial change in the circumstances of the parties with respect to the alimony and child support orders entered in this judgment. The court further directs that in any event, the plaintiff shall inform the defendant of the outcome of his labor arbitration proceeding against the MDC, and shall provide the defendant with a copy of the arbitrator's decision, or other competent documentation of the outcome of that proceeding, within 15 days of its rendition. CT Page 15148
10. Each party shall pay 50% of the debt in the approximate amount of $7,000 owed to Carrisa Mason, within five years of the date of this judgment. (See defendant's financial affidavit dated November 1, 2001.)
Each party shall also pay 50% of the following debts listed on the defendant's financial affidavit dated November 1, 2001:
A. MCI ($120);
B. Metromobile ($1,000);
C. Dr. Satlof ($200);
D. Barney Baker Oil ($375);
E. Bernie's ($269);
F. Hartford Orthopedic Assoc. ($137).
The defendant shall pay and be exclusively responsible for all other debts listed on her current financial affidavit. The plaintiff's current financial affidavit did not list any debts. In addition to the debts allocated to him above, the plaintiff shall pay and be exclusively responsible for all other debts or obligations which he has incurred.
11. Each party is ordered to notify the other of any change in employment, or substantial change in financial circumstances, within 15 days of the occurrence of same. The parties are ordered to annually exchange their federal income tax returns and supporting wage and income documentation.
SO ORDERED.
BY THE COURT
RICHARD W. DYER, J.